UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JUDITH M. RIOS ORTIZ,

    Plaintiff/Respondent,

v.

VILLANUEVA VELAZQUEZ-ORTIZ,

    Defendant/Petitioner.

Civil No. 14-1467 (JAF)

**REMAND ORDER**

Removal jurisdiction exists only where "the district courts have original jurisdiction." 28 U.S.C. § 1441. The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute. College of Dental Surgeons of Puerto Rico v. Connecticut General Life Ins. Co., 585 F.3d 33, 39 (1st Cir. 2009).

The Defendant/Petitioner, Villanueva Velázquez-Ortiz, removed this action under the general federal-question removal statute, which provides, "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). To be removable under this statute, the action must be founded on a claim or right arising under federal law, see Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998), and the action must be one of which the district court has original jurisdiction, which means that the action "originally could have been filed in federal court." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

In determining the presence or absence of federal jurisdiction, we apply the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint." Id.; see also Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908).  A "right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."  Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936).  The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."  Id. at 113 (noting that the federal controversy cannot be "merely a possible or conjectural one").

Velázquez-Ortiz has not submitted any allegations that would constitute a federal question on which we could grant relief.  Even viewing his submission in the most generous light possible, see Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (courts are solicitous of the obstacles that pro-se litigants face, and while not exempt from procedural rules, we hold pro-se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro-se claims due to technical defects), there is no federal question here.  Indeed, domestic disputes implicate a field of law that is squarely within the province of the Commonwealth and nothing apparent in this case has to do with issues outside of domestic law.

For the foregoing reasons, the Defendant's petition for removal is **DENIED**.  The matter is **REMANDED to the Superior Court, Aibonito Part, case number BDI2000-0124.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 28th day of July, 2014.

                                                                S/José Antonio Fusté
                                                                JOSE ANTONIO FUSTE
                                                                U. S. DISTRICT JUDGE